MCGREGOR W. SCOTT
United States Attorney
ANDRE M. ESPINOSA
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 725 MAIN STREET, MARTINEZ, CALIFORNIA, CONTRA COSTA COUNTY, APN: 373-192-007-4, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, ET AL,<br><br>Defendants. | 2:19-CV-00247-JAM-DB<br><br>UNITED STATES' MOTION FOR APPROVAL OF COORDINATION AGREEMENT BETWEEN THE UNITED STATES AND CHAPTER 7 BANKRUPTCY TRUSTEES<br><br>Date: December 10, 2019<br>Time: 1:30 p.m.<br>Ctrm:  6, 14th Floor |

### I. INTRODUCTION

The United States of America, by its attorneys, McGregor W. Scott, United States Attorney for the Eastern District of California, and Andre M. Espinosa and Kevin C. Khasigian, Assistant United States Attorneys, hereby move for Court approval of a Coordination Agreement between the United States and Chapter 7 Trustees for the DC Solar bankruptcy ("DC Solar Trustee") and bankruptcies for the five LLCs holding title to the *In Rem* Defendants ("California LLC Trustee") (together "the Trustees").  The Coordination Agreement resolves disputes between the United States and Trustees in related bankruptcy proceedings pending in Reno, Nevada, and apportions the *In Rem* Defendants between the parties.  The Coordination Agreement will be filed, via a noticed motion, in the two real

1

property forfeitures cases in the Eastern District of California, as well as in the related bankruptcy cases in Reno.[1]  A copy of the Coordination Agreement is attached as Exhibit A.

## II.   SUMMARY

By entering into the Coordination Agreement, the United States obtains exclusive authority to forfeit and liquidate 31 of the *In Rem* Defendants in the two forfeiture cases in the Eastern District of California.  As early as December 2018, the United States identified these 31 properties as associated with fraud and money laundering crimes, and sought to secure the net equity from the properties for those defrauded in the scheme described in the *In Rem* Complaint and criminal pleadings in United States v. Ronald Roach, et al., 2:19-cr-00182-JAM.  The value of those properties is considerable and, if the Coordination Agreement is ultimately approved by the Court, the United States intends to focus its efforts on maximizing the value of those properties and addressing victim loss through the restitution process, without the delay and uncertain of bankruptcy court litigation.  The Trustees have agreed that the 31 *In Rem* Defendants are within the jurisdiction of the U.S. District Court in the Eastern District of California and not the Bankruptcy Court's.  Further, the Trustees have agreed not to file claims in the various DC Solar-related forfeiture cases in the Eastern District of California, and will withdraw their motion to enforce the automatic stay filed in Bankruptcy Court earlier this year.

Under the Coordination Agreement, United States has agreed not to forfeit eight *In Rem* Defendants that it previously identified as defendants in the two forfeiture cases, effectively dismissing those *In Rem* Defendants from the forfeiture cases.  The United States has further agreed not to seek forfeiture of certain real property owned by the bankrupt LLCs that is not currently subject to forfeiture by the United States in the Eastern District of California, including approximately ten properties in Mexico and two properties in Northern California.  The United States understands that the Trustees will liquidate the properties and any net equity will likely will be paid to the creditors of the DC Solar Solutions estate.

---

[1] The Eastern District real property forfeiture cases are: United States v. 725 Main Street, Martinez, California, et al., Case 2:19−CV−00247-JAM-DB and United States v. 5383 Stonehurst Drive, Martinez, California, et al., Case 2:19-cv-00636-JAM-DB

### III.  BACKGROUND

On February 8, 2019, the United States filed a forfeiture complaint *in rem* against twenty-five real properties ("*In Rem* Defendants") connected to fraud and money laundering crimes in the Eastern District of California and elsewhere.  The *In Rem* Complaint resulted from an investigation that went overt on December 18, 2018 when law enforcement agents executed a federal search warrant at the business location of DC Solar, a solar equipment company with its principal place of business in the Eastern District of California.  As explained in various court filings in this matter and elsewhere, DC Solar was operated as a Ponzi-like scheme eclipsing at least $1 billion in loss.

Following the filing of the *In Rem* Complaint, the United States commenced its efforts to notify potential claimants of the forfeitures, including serving the complaint on the five LLCs holding title to the properties and the owners of those entities, Jeffrey and Paulette Carpoff.  The United States also provided notice of this action to lienholders and lodged the complaints on the bankruptcy docket for DC Solar's parent company, In re Double Jump Inc., Case 19-bk-50102.  Furthermore, public notice on the official internet government forfeiture site, www.forfeiture.gov, began on February 26, 2019, and ran for thirty consecutive days, as required by Rule G(4)(a)(iv)(C) of Supplemental Rules for Forfeiture Actions.  *See* Dkt. 4.  A Declaration of Publication was filed on April 11, 2019, which set forth, among other items, that publication on the government's forfeiture website was complete on March 27, 2019.  Dkt 36.  Additionally, the United States has posted copies of the complaints on many of the properties and filed the restraint of a *lis pendens* against each of the *In Rem* Defendants.  See Dkt. 5-35.

Thus far several parties have filed claims in the case, while others have requested extensions of time to review the civil and criminal pleadings.  As to the actual claimants, only Jeff and Paulette Carpoff have filed claims of ownership to the properties but they have since agreed to forfeit their interests and signed stipulations for final judgments of forfeiture.  Dkt. 42-3.  Second, two banks (*CTBC and Heritage Bank*) filed claims concerning loans as relates to two *In Rem* Defendants (*4901 Park Road [CTBC] and 140 Mason Circle [Heritage Bank]*) that have been sold by the U.S. Marshals Service and their loans retired.  Dkt. 39, 43.  Third, AMAC Construction filed a claim associated with labor/materials supplied in connection with improvements at three of the *In Rem* Defendants.  Dkt. 48.  Fourth, Cemcon, Inc. and Legacy Framers, Inc. filed claims associated with labor/materials supplied in

connection with improvements at several *In Rem* Defendants located in El Sobrante, California.  Dkt. 53-54.

At least two potential claimants have requested additional time to file their claims, and the United States has accommodated each request.  Those extensions expire in early December 2019.

## IV.  REQUEST TO THE COURT

The Coordination Agreement is a measured compromise that accounts for litigation risk and positions the United States to maximize victim recovery.  First, while the California real estate market has experienced a recent upswing in value, its continued strength is uncertain, and the United States believes a sale in the coming months will result in liquidating the 31 *In Rem* Defendants when their value is highest.  The recent sales of *In Rem* Defendants 4901 Park Road and 140 Mason Circle are illustrations of this strategy as each of those sales eclipsed appraised values and totaled millions of dollars in net equity that we hope to administer soon through the restitution process.[2]  Second, many of the properties are apartment buildings, vacant houses, and/or located in cold-weather cities, resulting in higher costs for property management and building maintenance.  Such costs cannot be recaptured and therefore erode net equity available for victims.  Third, many of the properties have tens of thousands of dollars, if not hundreds of thousands of dollars, in deferred maintenance costs that are most optimally negotiated for in a strong real estate market.  Fourth, at least five of the properties are subject to growing liens for unpaid construction costs and homeowner association dues.  These items were furnished to the property, or due and owing under a homeowner's contract, and should be resolved and paid.  Fifth, this motion will serve as final notice to those potential claimants that have received an extension to their filing deadlines.  Finally, approval of this Coordination Agreement will permit the United States to initiate the restitution and remission process for certain assets liquidated and forfeited, resulting in near-term payments to those defrauded by DC Solar.

///

///

///

---

[2] See Exhibit B.

For these reasons, the United States respectfully requests this Court approve the Coordination Agreement between the United States and Trustees.

Date:   11/12/2019

MCGREGOR W. SCOTT
United States Attorney

By:   /s/ Kevin C. Khasigian
ANDRE M. ESPINOSA
KEVIN C. KHASIGIAN
Assistant U.S. Attorney