# EXHIBIT A

MCGREGOR W. SCOTT
United States Attorney
ANDRE M. ESPINOSA
KEVIN C. KHASIGIAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:19-CV-00247-JAM-DB |
| Plaintiff, | COORDINATION AGREEMENT BETWEEN THE UNITED STATES AND CHAPTER 7 BANKRUPTCY TRUSTEES |
| v. | |
| REAL PROPERTY LOCATED AT 725 MAIN STREET, MARTINEZ, CALIFORNIA, CONTRA COSTA COUNTY, APN: 373-192-007-4, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, et al., | |
| Defendants. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:19-CV-00636-JAM-DB |
| Plaintiff, | COORDINATION AGREEMENT BETWEEN THE UNITED STATES AND CHAPTER 7 BANKRUPTCY TRUSTEES |
| v. | |
| REAL PROPERTY LOCATED AT 5383 STONEHURST DRIVE, MARTINEZ, CALIFORNIA CONTRA COSTA COUNTY, APN: 367-230-018-7, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, et al., | |
| Defendants. | |

1

1

2

3

4

**COORDINATION AGREEMENT AMONG PLAINTIFF UNITED STATES OF AMERICA AND THE CHAPTER 7 BANKRUPTCY TRUSTEES FOR DOUBLE JUMP, INC., DC SOLAR DISTRIBUTION, INC., DC SOLAR SOLUTIONS, INC., AND DC SOLAR FREEDOM, INC., DORA DOG PROPERTIES, LLC, BLUE DOG PROPERTIES, LLC, BRANDY BOY PROPERTIES, LLC, PARK ROAD, LLC, AND 475 CHANNEL ROAD, LLC, AND 140 MASON CIRCLE, LLC**

5

6

7

8

9

10

11

    **WHEREAS**, on December 18, 2018, pursuant to a criminal investigation that remains ongoing, law enforcement agents executed a federal search warrant at 4901 Park Road in Benicia, California, the business location for DC Solar, a solar equipment company with its principal place of business in the Eastern District of California.  That day and the days that followed, law enforcement agents also executed hundreds of federal seizure warrants to restrain bank accounts, vehicles, and personal property purchased by DC Solar's principals, Jeff and Paulette Carpoff (the "Carpoffs"), using proceeds of the fraud under investigation.

12

13

14

15

16

17

18

19

20

    **WHEREAS**, on or about January 30, 2019, DC Solar and several related entities filed for Chapter 11 bankruptcy in U.S. Bankruptcy Court in Reno, Nevada, in the master case captioned:  In re Double Jump Inc., Case 19-bk-50102 (the "Double Jump Bankruptcy").  The debtors are comprised of 10 entities, including DC Solar's parent company, Double Jump, Inc., a Nevada corporation since 2018,[1] its three business divisions, DC Solar Distribution, DC Solar Solutions, and DC Solar Freedom,[2] businesses headquartered in Benicia, California (collectively, the "DC Solar Entities"), and six California LLCs, holding title to real estate allegedly purchased by the Carpoffs using fraud proceeds: Dora Dog Properties, LLC, Dog Blue Properties, LLC, Brandy Boy Properties, LLC, Park Road, LLC, and 475 Channel Road, LLC, and 140 Mason Circle, LLC (collectively, the "California LLCs").[3]

21

22

23

    **WHEREAS**, as part of its Debtor-In-Possession ("DIP") first-day bankruptcy motions, DC Solar's counsel sought approval for a financing pact with a Beverly Hills lender that pledged to loan up to tens of millions of dollars to DC Solar in return for secured interests in certain real property.  The

24

25

26

27

28

---

[1] In re Double Jump, Inc., Case No. 19-bk-50102, the "Master Case."

[2] In re DC Solar Solutions, Inc., Case No. 19-bk-50130; In re DC Solar Distributions, Inc., Case No. 19-bk-50131; and In re DC Solar Freedom, Inc., Case No. 19-bk-50135.

[3] In re Dora Dog Properties, LLC, Case No. 19-bk-50103, In re Dog Blue Properties, LLC, Case No. 19-bk-50104, In re Brandy Boy Properties, LLC, Case No. 19-bk-50105, In re 475 Channel Road, LLC, Case No. 19-bk-50106, In re Park Road, LLC, Case No. 19-bk-50108, and In re 140 Mason Circle, LLC, Case No. 19-bk-50109.

California LLCs owned the real properties DC Solar sought to use as collateral for its DIP financing

proposal, and that property was subject to forfeiture based on its connection to the DC Solar fraud.

**WHEREAS**, prior to the Chapter 11 bankruptcy filings, the U.S. Attorney's Office for the

Eastern District of California ("USAO-EDCA") informed DC Solar's counsel that at least 41 properties

owned by the Carpoffs and/or their alter ego entities were purchased with fraud proceeds and subject to

forfeiture as part of its investigation.  Subsequently, DC Solar filed for bankruptcy and sought to

encumber at least ten of those properties, which the USAO-EDCA had identified as having been

purchased with fraud proceeds and subject to forfeiture.

**WHEREAS**, on February 8, 2019, in the Eastern District of California, the United States filed

an *in rem* forfeiture action against 25 properties connected to the fraud and subject to the Debtor's DIP

financing proposal in the matter captioned: <u>United States v. Real Property Located at 725 Main Street,</u>

<u>et al.</u>, Case 19-CV-00247-JAM ("Forfeiture I").  The United States also sought to forfeit six California

limited liability companies in the Forfeiture I action.  As explained herein, the Carpoffs formed, owned,

and managed the California LLCs, which held title to those 25 properties.

The *In Rem* Defendants in the Forfeiture I action are (owner in parentheticals):

1. 820 Shell Avenue, Martinez, California (*Dora Dog Properties, LLC*);
2. 725 Main Street, Martinez, California (*Dora Dog Properties, LLC*);
3. 31 Morello Heights Drive, Martinez, California (*Dora Dog Properties, LLC*);
4. 28 Millthwait Drive, Martinez, California (*Dora Dog Properties, LLC*);
5. 1208 Roseann Drive, Martinez, California (*Dora Dog Properties, LLC*);
6. 202 Valley View Place, El Sobrante, California (*Dora Dog Properties, LLC*);
7. 207 Valley View Place, El Sobrante, California (*Dora Dog Properties, LLC*);
8. 208 Valley View Place, El Sobrante, California (*Dora Dog Properties, LLC*);
9. 214 Valley View Place, El Sobrante, California (*Dora Dog Properties, LLC*);
10. 30 Pebble Dunes Court, Las Vegas, Nevada (*Dora Dog Properties, LLC*);
11. 3143 Old Tunnel Road, Lafayette, California (*Dora Dog Properties, LLC*);
12. 1108 Juniper Avenue, South Lake Tahoe, California (*Dog Blue Properties, LLC*);
13. 40 Iris Lane, Walnut Creek, California (*Dog Blue Properties, LLC*);
14. 4800 Blum Road, Apt 3, Martinez, California (*Dog Blue Properties, LLC*);
15. 4810 Blum Road, Apt 5, Martinez, California (*Dog Blue Properties, LLC*);
16. 811 Brown Street, Martinez, California (*Dog Blue Properties, LLC*);
17. 2375 Yale Street, Martinez, California (*Dog Blue Properties, LLC*);
18. 250 Arana Drive, Martinez, California (*Dog Blue Properties, LLC*);
19. 3779 Overlook Court, South Lake Tahoe, California (*Brandy Boy Properties, LLC*);
20. 4101 Lake Tahoe Blvd, South Lake Tahoe, CA 96150, Unit 217 (*Brandy Boy Properties, LLC*);
21. 4101 Lake Tahoe Blvd, South Lake Tahoe, CA 96150, Unit 225 (*Brandy Boy Properties, LLC*);
22. 7373 E. Clubhouse Drive, #14, Scottsdale, Arizona (*Brandy Boy Properties, LLC*);
23. 1619 Greenside Drive, Round Rock, Texas (*Brandy Boy Properties, LLC*);

24.    140 Mason Circle, Concord, California (*140 Mason Circle LLC*); and
25.    4901 Park Road, Benicia, California (*Park Road LLC*).

**WHEREAS**, on February 8, 2019, the Bankruptcy Court heard oral argument on the Debtor's first-day bankruptcy motions, including a motion to approve the DIP financing proposal to support DC Solar's continued operations by encumbering certain of the Forfeiture I *In Rem* Defendants.  The United States opposed the motion based on the filing of the Forfeiture I action, and the Bankruptcy Court denied DC Solar's motion.

**WHEREAS**, on or about March 22, 2019, the Bankruptcy Court entered an order converting the Chapter 11 bankruptcy cases into Chapter 7 proceedings and appointing separate trustees for the California LLCs (the "California LLC Trustee") and for the DC Solar Entities (the "DC Solar Trustee") (collectively, the "Chapter 7 Trustees").

**WHEREAS**, the California LLC Trustee moved the Bankruptcy Court for an order authorizing the trustee to take over management and control of certain properties, including at least 5 properties that the USAO-EDCA earlier identified as among the 41 properties purchased with fraud proceeds.  The California LLC Trustee noted that he did not seek to take control over the 25 properties subject to the Forfeiture I action "until the forfeiture action is resolved or by mutual agreement of the parties."

**WHEREAS**, on April 15, 2019, in the Eastern District of California, the United States filed a second *in rem* forfeiture action, captioned: <u>United States v. Real Property Located at 5383 Stonehurst Drive, et al.</u>, Case 19-CV-00636-JAM ("Forfeiture II"), against 14 additional properties connected to the fraud.  The United States also sought to forfeit six California limited liability companies in the Forfeiture II action.  The *In Rem* Defendants in Forfeiture II are owned by the Carpoffs personally and/or LLCs they formed and controlled, including certain of the California LLCs in bankruptcy and additional LLCs that are not debtors in the Double Jump Bankruptcy.  Those LLCs are: Dora Dog Properties, LLC (a debtor), Dog Blue Properties, LLC (a debtor), 475 Channel Road, LLC (a debtor), Antioch Mini Storage, LLC (*not* a debtor), 4021 Pike Lane, LLC (*not* a debtor), 2750 Maxwell Way, LLC (*not* a debtor), and Fou Dog, LLC (*not* a debtor).  The Carpoffs are not debtors in the Double Jump Bankruptcy.

The *In Rem* Defendants in the Forfeiture II action are (*owner in parentheticals*):

1.     5383 Stonehurst Drive, Martinez, California (*Jeff and Paulette Carpoff*);
2.     14 Goree Court, Martinez, California (*Jeff and Paulette Carpoff*);
3.     180 Midhill Road, Martinez, California (*Dora Dog Properties, LLC*);
4.     186 Farm Lane, Martinez, California (*Jeff and Paulette Carpoff*);
5.     315 Summerhill Lane, Martinez, California (*Jeff and Paulette Carpoff*);
6.     815 Sunset Drive, Antioch, California (*Antioch Mini Storage, LLC*);
7.     1062 Mohr Lane, Unit C, Concord, California (*Dog Blue Properties, LLC*);
8.     4021 Pike Lane, Concord, California (*4021 Pike Lane, LLC*);
9.     4800 Blum Road, Unit 1, Martinez, California (*Dog Blue Properties, LLC*);
10.   4808 Blum Road, Unit 2, Martinez, California (*Jeff and Paulette Carpoff*);
11.   2750 Maxwell Way, Fairfield, California (*2750 Maxwell Way, LLC*);
12.   84 Carolina Cherry Drive, Las Vegas, Nevada (*Jeff and Paulette Carpoff*);
13.   473-475-477 E. Channel Road, Benicia, California (*475 Channel Road, LLC*); and
14.   Lot 51-80 Park Road, Benicia, California (*Fou Dog, LLC*).

**WHEREAS**, on or about May 2, 2019, the California LLC Trustee moved in the Bankruptcy Court in Reno to enforce the automatic stay provisions against the Forfeiture I and II actions in the Eastern District of California, which motion remains pending.

**WHEREAS**, the United States has satisfied its statutory notice requirements in the Forfeiture I action by, among other things, serving the Complaint on potential claimants, lodging the Complaint on the bankruptcy docket, posting a copy of the Complaint on each property, and publishing the Forfeiture I action on the official internet government forfeiture site, www.forfeiture.gov.  Further, the United States has filed the restraint of a *lis pendens* against each of the *In Rem* Defendants in Forfeiture I, securing the United States' interest in each of the *In Rem* Defendants.

**WHEREAS**, seven parties have appeared in the Forfeiture I action.  First, China Bank and Trust ("CTBC") filed a claim as the lienholder of *In Rem* Defendant 4901 Park Road in Benicia, California.   Second, Heritage Bank filed a claim as the lienholder of *In Rem* Defendant 140 Mason Circle in Concord, California.  Third and fourth, Jeff and Paulette Carpoff filed verified claims of ownership as to each of the defendant properties.  Fifth, AMAC Construction and Restoration filed a claim as a mechanics' lienholder of *In Rem* Defendants (a) 202 Valley View Road [sic] in El Sobrante, California, (b) 1108 Juniper Avenue in South Lake Tahoe, California, and (c) 31 Morello Heights Drive in Martinez, California.  Sixth and seventh, Cemcon, Inc. and Legacy Framers, Inc. each filed a claim as a mechanics' lienholder of *In Rem* Defendants (a) 207 Valley View Place in El Sobrante, California, (b) 208 Valley View Place in El Sobrante, California, and (c) 214 Valley View Place in El Sobrante,

4

1  California.  Finally, the United States has granted extensions of time to file claims to several entities

2  who may or may not have a claim to the assets being forfeited in the Forfeiture I action.

3  **WHEREAS**, on May 16, 2019, the Honorable John A. Mendez, of the United States District

4  Court for the Eastern District of California, granted the United States' *ex parte* application, pursuant to

5  18 U.S.C. § 983(j)(1)(A), which sought various relief associated with the properties subject to the

6  Forfeiture I action.  Specifically, the District Court restrained and enjoined the sale, pledge, transfer or

7  any other means of disposing, controlling, or encumbering the *In Rem* Defendants and any action by

8  any person or entity that would allow or cause the *In Rem* Defendants to diminish in value, without the

9  District Court's prior approval.  The order also appointed the United States Marshals Service

10  ("USMS") to maintain and sell *In Rem* Defendants 4901 Park Road and 140 Mason Circle, pay any

11  encumbrances or loans on the properties, and to return any net proceeds to the associated forfeiture case

12  as substitute *res* for final adjudication by the District Court.

13  **WHEREAS**, the Carpoffs have since agreed to forfeit any and all interest in the real properties

14  subject to forfeiture to the United States in the Forfeiture I action.

15  **WHEREAS**, the United States has satisfied its statutory notice requirements in the Forfeiture II

16  action by, among other things, serving the Complaint on potential claimants, lodging the Complaint

17  on the bankruptcy docket, posting a copy of the Complaint on each property, and publishing the

18  Forfeiture II action on the official internet government forfeiture site, www.forfeiture.gov.  Further,

19  the United States has filed the restraint of a *lis pendens* against each of the *In Rem* Defendants in

20  Forfeiture II, securing the United States' interest in each of the *In Rem* Defendants.

21  **WHEREAS**, seven parties have so far appeared in the Forfeiture II action.  First, CTBC filed

22  claims as the lienholder of *In Rem* Defendants (a) 2750 Maxwell Way in Fairfield, California, and

23  (b) 4021 Pike Lane in Concord, California.  Second, Heritage Bank filed a claim as the lienholder of *In*

24  *Rem* Defendant 473-475-477 Channel Road in Benicia, California.  Third and fourth, Jeff and Paulette

25  Carpoff, the owners and principals of DC Solar and the LLCs described herein, have filed claims as

26  owners of the *In Rem* Defendants.  Fifth, Dish Network California Service Corporation filed a claim as

27  a lessee of *In Rem* Defendant 4901 Park Road in Benicia, California, although that *In Rem* Defendant is

28  included in the Forfeiture I action.  Sixth, the California Franchise Tax Board filed a verified claim as a

tax lienholder on ten *In Rem* Defendants: (a) 5383 Stonehurst Drive in Martinez, California; (b) 14 Goree Court in Martinez, California; (c) 180 Midhill Road in Martinez, California; (d) 186 Farm Lane in Martinez, California; (e) 315 Summerhill Lane in Martinez, California; (f) 815 Sunset Drive in Antioch, California; (g) 1062 Mohr Lane, Unit C in Concord, California; (h) 4021 Pike Lane in Concord, California; (i) 4800 Blum Road, Unit 1 in Martinez, California; and (j) 4808 Blum Road, Unit 2 in Martinez, California.  Seventh, Daysh Developments, Inc. dba California Retaining Walls Company filed a claim as a mechanics' lienholder of *In Rem* Defendant 315 Summerhill Lane in Martinez, California.  Finally, the United States has granted extensions of time to file claims to several entities who may or may not have a claim to the assets being forfeited in the Forfeiture II action.

**WHEREAS**, on May 16, 2019, the Honorable John A. Mendez, of the United States District Court for the Eastern District of California, granted the United States' *ex parte* application, pursuant to 18 U.S.C. § 983(j)(1)(A), which sought various relief associated with the properties subject to the Forfeiture II action.  Specifically, the District Court restrained and enjoined the sale, pledge, transfer or any other means of disposing, controlling, or encumbering the *In Rem* Defendants and any action by any person or entity that would allow or cause the *In Rem* Defendants to diminish in value, without the District Court's prior approval.  The District Court also appointed the USMS to maintain and sell *In Rem* Defendants 2750 Maxwell Way, 4021 Pike Lane, and 473-475-477 E. Channel Road, pay any encumbrances or loans on the properties, and to return any net proceeds to the associated forfeiture case as substitute *res* for final adjudication by the District Court.

*   *   *   *

**WHEREAS**, the USAO-EDCA and the Chapter 7 Trustees seek to (i) resolve their respective claims to the Forfeiture I, Forfeiture II, and other properties addressed herein; (ii) maximize recovery to victims and creditors; and (iii) minimize expenses through the coordination of their respective efforts for the victims and creditors.

**WHEREAS**, to date, the USAO-EDCA has sought to forfeit certain assets owned by the Carpoffs and DC Solar, and the USAO-EDCA will seek to return the proceeds of forfeited assets to victims pursuant to Part 9 of Title 28, of the Code of Federal Regulations.

1    **WHEREAS**, there is a significant overlap of identity between victims of the fraud and creditors

2    of the DC Solar, California LLCs and Carpoff-related entities currently in Chapter 7 proceedings in

3    Reno, Nevada, and competing litigation would result in the overall diminishment of the recovery for all

4    victims and creditors alike as well as undue delay in the distribution of assets.

5    **WHEREAS**, the United States and the Chapter 7 Trustees desire to minimize litigation risk,

6    unnecessary cost, and undue delay, and to compromise and resolve their respective claims to property

7    identified in the Forfeiture I and II actions and certain additional property addressed herein.

8    **WHEREAS**, the parties agree that this Coordination Agreement shall not be effective until it is

9    approved by the United States District Court for the Eastern District of California, and the United States

10   Bankruptcy Court in Reno, Nevada, in whatever order those Court may approve the Coordination

11   Agreement.

12   **WHEREAS**, the USAO-EDCA and Chapter 7 Trustees agree that the assets owned by Double

13   Jump, the DC Solar Entities, the California LLCs, the Carpoffs or any entity related to any of the

14   foregoing shall be addressed in the following manner.

15   **NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED** that:

16   **<u>Forfeiture I</u>**.  The parties agree that the USAO-EDCA will forfeit the *In Rem* Defendant real

17   properties set forth in Exhibit A-1, and will liquidate those assets for the benefit of the victims of the

18   criminal fraud under investigation (the "Forfeiture I U.S. Property Allocation"), except that the

19   unallocated $75,000 from the forfeiture of 4901 Park Road, Benicia, California shall be turned over to

20   the California LLC Trustee.  The Chapter 7 Trustees shall not file a petition or claim, or assist others in

21   filing a petition or claim, or otherwise take any action to contest the forfeiture of any real property

22   listed in Exhibit A-1.  The Chapter 7 Trustees specifically acknowledge, agree, and stipulate that the

23   real property listed in Exhibit A-1 is forfeitable to the USAO-EDCA in the District Court for the

24   Eastern District of California and that the bankruptcy estates have no claim or right to that property or

25   any net equity arising from its liquidation or ongoing management.  To the extent required to facilitate

26   this Coordination Agreement, the Chapter 7 Trustees agree to release the real property listed in Exhibit

27   A-1 from the relevant and associated bankruptcy actions filed in Reno, Nevada.

28   The remaining *In Rem* Defendant real properties in the Forfeiture I action will not be forfeited

1    to and liquidated by the USAO-EDCA.  Rather, those remaining *In Rem* Defendant real properties in

2    Forfeiture I, listed in Exhibit A-2, shall remain property of or subject to the claims of the California

3    LLC bankruptcy estates, and the California LLC Trustee shall oversee and administer the liquidation of

4    those properties in the bankruptcy proceedings in accordance with the applicable provisions of the

5    Bankruptcy Code and other controlling authority (the "Forfeiture I Trustee Property Allocation").  The

6    net proceeds from the liquidation of the Forfeiture I Trustee Property Allocation shall inure to the

7    benefit of the California LLC bankruptcy estates.  The USAO-EDCA agrees that it shall not file a

8    forfeiture action or proof of claim, or assist others in filing a forfeiture action or proof of claim, or

9    otherwise take any action to contest the California LLC Trustee's efforts to administer any real property

10    listed in Exhibit A-2.  The USAO-EDCA agrees to release the real property listed in Exhibit A-2 from

11    the Forfeiture I action and that the USAO-EDCA will not forfeit the six California limited liability

12    companies as requested in the Forfeiture I action.

13        **Forfeiture II**.  The parties agree that the USAO-EDCA will forfeit the *In Rem* Defendant real

14    properties set forth in Exhibit B-1, and will liquidate those assets for the benefit of the victims of the

15    criminal fraud under investigation (the "Forfeiture II U.S. Property Allocation").  The Chapter 7

16    Trustees specifically acknowledge, agree, and stipulate that the real property listed in Exhibit B-1 is

17    forfeitable to the USAO-EDCA in the District Court for the Eastern District of California and that the

18    bankruptcy estates have no claim or right to that property or any net equity arising from its liquidation

19    or ongoing management.  To the extent required to facilitate this Coordination Agreement, the Chapter

20    7 Trustees agree to release the real property listed in Exhibit B-1 from the relevant and associated

21    bankruptcy actions filed in Reno, Nevada.

22        The remaining *In Rem* Defendant real properties in the Forfeiture II action will not be forfeited

23    to and liquidated by the USAO-EDCA.  Rather, those remaining *In Rem* Defendant real properties in

24    Forfeiture II, listed in Exhibit B-2, shall remain property of or subject to the claims of the California

25    LLC bankruptcy estates, and the California LLC Trustee shall oversee and administer the liquidation of

26    those properties in the bankruptcy proceedings in accordance with the applicable provisions of the

27    Bankruptcy Code and other controlling authority (the "Forfeiture II Trustee Property Allocation").  The

28    net proceeds from the liquidation of the Forfeiture II Trustee Property Allocation shall inure to the benefit

1   of the California LLC bankruptcy estates.  The USAO-EDCA agrees that it shall not file a forfeiture

2   action or proof of claim, or assist others in filing a forfeiture action or proof of claim, or otherwise take

3   any action to contest the California LLC Trustee's efforts to administer any real property listed in

4   Exhibit B-2.  The USAO-EDCA agrees to release the real property listed in Exhibit B-2 from the

5   Forfeiture II action and that the USAO-EDCA will not forfeit the six California limited liability

6   companies as requested in the Forfeiture II action.

7          **Additional Non-Real Property Assets.**  The parties further desire to maximize coordination, to

8   minimize litigation risk, unnecessary cost, and undue delay, and to compromise and resolve their

9   respective claims to assets identified in forfeiture actions filed by the USAO-EDCA in the Eastern

10  District of California captioned: United States v. Approximately $6,567,897.50 Seized From CTBC

11  Bank, Account Number 3800191916, et al., Case 19-CV-00458-JAM and United States v. 2011 BMW

12  328I, VIN: WBAPH7C53BE460537, Nevada License Number 002F10, et al., Case 19-MC-00053-

13  TLN-CKD.   The parties agree and stipulate that the USAO-EDCA will use its forfeiture and other

14  authority to forfeit the assets identified in the cases described in this paragraph, and will seek to return

15  the proceeds of the forfeited or recovered assets for the benefit of the victims through the remission of

16  assets.  The Chapter 7 Trustees shall not file a petition or claim, or assist others in filing a petition or

17  claim, or otherwise take any action to contest the forfeiture of any property in the cases described in

18  this paragraph. The Chapter 7 Trustees specifically acknowledge, agree, and stipulate that the assets

19  identified in those cases are forfeitable to the USAO-EDCA in the District Court for the Eastern

20  District of California and the bankruptcy estates have no claim or right to them or any net equity arising

21  from their liquidation.

22          **Additional Property.**  The parties further desire to maximize coordination and to minimize

23  litigation risk, unnecessary cost, and undue delay, and to compromise and resolve their respective

24  claims to real property not identified in the Forfeiture I or II actions but that may be subject to forfeiture

25  and liquidation by the USAO-EDCA or subject to claims of the Chapter 7 Trustees for the bankruptcy

26  estates.  Accordingly, in exchange for the consideration set forth herein and except as otherwise

27  provided in the section of this Coordination Agreement titled "Additional Non-Real Property Assets,"

28  the USAO-EDCA agrees it shall not pursue forfeiture of, or any claim on or to, any additional real or

9

1  personal property owned by Double Jump, the DC Solar Entities, or the California LLCs, including the

2  six California limited liability companies referenced in the Forfeiture I action, the six California limited

3  liability companies referenced in the Forfeiture II action, and the real property set forth in Exhibit C

4  (the "Additional Property").

5          **Execution of Necessary Documents.**  The USAO-EDCA and Chapter 7 Trustees agree to

6  execute all documents necessary and appropriate for the implementation and execution of this

7  Coordination Agreement.

8          **Modification of the May 2019 Restraining Orders.**  To facilitate this Coordination

9  Agreement and advance it goals and objectives, the USAO-EDCA agrees to request that the District

10  Court approve this Coordination Agreement and modify the May 2019 Restraining Orders to permit the

11  sale of the Forfeiture I and II Trustee Property Allocations without unnecessary delay.

12          **Waiver.**  This Coordination Agreement shall constitute a waiver of any rights that the Chapter 7

13  Trustees may have in the pending forfeiture proceedings to file a claim or petition for, or otherwise

14  contest the forfeiture of, any properties in the Forfeiture I and II U.S. Property Allocations.  This

15  Coordination Agreement shall constitute a waiver or any rights that the United States may have in the

16  currently pending bankruptcy cases concerning Double Jump, the DC Solar Entities, and the California

17  LLCs, for any costs incurred or claims to the properties addressed in this Coordination Agreement,

18  including any attorneys' fees, costs to maintain assets seized by the United States or any interest.

19          **No Waiver.**  Except as provided herein, this Coordination Agreement shall not constitute a

20  waiver of the USAO-EDCA's rights to bring criminal or civil forfeiture proceedings against any

21  proceeds of the criminal fraud offenses currently under investigation that are discovered after the date

22  of this Coordination Agreement, including any properties owned or controlled by the Carpoffs, or alter-

23  ego entities they own or control, that are not debtors in the Double Jump Bankruptcy at the time of the

24  execution of this Coordination Agreement.

25          **Certain Claims Barred**.  The Chapter 7 Trustees are hereby barred from asserting, or assisting

26  others in asserting, any claim against the United States and any and all agents and employees of the

27  United States (including but not limited to the Department of Justice ("DOJ"), the USAO-EDCA, the

28  Federal Bureau of Investigation ("FBI"), the USMS, and any agents and employees of the United

1  States, (including the DOJ, the USAO-EDCA, the FBI, and the USMS) in connection with or arising

2  out of the seizure, restraint, and/or constructive possession of any property seized on connection with

3  the investigation of DC Solar and related individuals, including, but not limited to, any claim that there

4  was no probable cause to seize any such property, that the Chapter 7 Trustees are a prevailing party, or

5  that the Chapter 7 Trustees are entitled to attorney's fees or any award of interest.

6       **Turnover of Records**.  To the extent permitted by law and to the extent practicable in the

7  judgment of representatives of the USAO-EDCA, the USAO-EDCA agrees to coordinate with the

8  Chapter 7 Trustees to identify and to permit the Chapter 7 Trustees to copy such identified documents

9  related to (i) the California LLCs, (ii) the real properties included in the Forfeiture I Trustee Property

10  Allocation, (iii) the real properties included in the Forfeiture II Trustee Property Allocation, and (iv) the

11  real properties included in Additional Property.

12      **Attorneys' Fees**.  Each party to this Coordination Agreement shall bear its own costs and

13  attorneys' fees.

14      **Form of Execution**.  This Coordination Agreement may be executed in counterparts, each of

15  which shall be deemed an original, and all of which, when taken together, shall be deemed the complete

16  Coordination Agreement.  Fax or PDF copies shall be treated as originals.

17      **Appeal Waiver**.  The parties hereby waive all rights to appeal or to otherwise challenge or

18  contest the validity of this Coordination Agreement.

19      **Choice of Forum**.  The United States District Court for the Eastern District of California shall

20  have exclusive jurisdiction over the interpretation and enforcement of this Coordination Agreement.

21      **Complete Agreement**.  This Coordination Agreement constitutes the complete agreement

22  between the parties hereto and may not be amended except by written consent thereof.

23      **Approval by the District Court and Bankruptcy Court Required**.  This Coordination

24  Agreement shall not become effective until approved, in whatever order, by (i) the United States

25  District Court for the Eastern District of California presiding over the Forfeiture I action and the

26  Forfeiture II action; and (ii) the United States Bankruptcy Court presiding over the Double Jump and

27  California LLCs bankruptcy cases in Reno, Nevada; provided however, that pending court approval of

28  this Coordination Agreement, the USAO-EDCA agrees to cooperate to provide reasonable access to the

1  Chapter 7 Trustee of the California LLCs to any and all real property allocated to the California LLCs

2  in this Coordination Agreement.

3      **No Third-Party Rights**. This Coordination Agreement and all of its provisions and conditions

4  are for the sole and exclusive benefit of the parties to this Coordination Agreement.  No person or entity

5  not a party to this Coordination Agreement will have or acquire any rights or remedies under or by

6  reason of this Coordination Agreement.

7      **A.     Attorney for the United States**

8      We accept and agree to this Agreement on behalf of the government.

9  Dated: __11/7/011__

10                                                    McGREGOR W. SCOTT
                                                     United States Attorney

11                                        By: _____
                                                     ANDRE M. ESPINOSA

12                                                   KEVIN C. KHASIGIAN
                                                     Assistant U.S. Attorneys

13

14      **B.     Chapter 7 Trustees**

15      We accept and agree to this Agreement on behalf of the DC Solar Entities bankruptcy estates

16  and the California LLCs bankruptcy estates.

17  Dated: __11/8/19__

18                                                   Bankruptcy Estates of the California LLCs

19                                        By: _____

20                                                   W. DONALD GIESEKE, Chapter 7 Trustee for the
                                                     California LLC bankruptcy estates

21

22  Dated: __11/7/19__

23                                                   Bankruptcy Estates of the DC Solar Entities

24                                        By: _____

25                                                   CHRISTINA LOVATO, Chapter 7 Trustee for the
                                                     DC Solar bankruptcy estates

26

27

28

                                              12

# Exhibit A-1
## Forfeiture I U.S. Property Allocation

1.  820 Shell Avenue, Martinez, California (Dora Dog Properties, LLC);
2.  28 Millthwait Drive, Martinez, California (Dora Dog Properties, LLC);
3.  1208 Roseann Drive, Martinez, California (Dora Dog Properties, LLC);
4.  202 Valley View Place, El Sobrante, California (Dora Dog Properties, LLC);
5.  207 Valley View Place, El Sobrante, California (Dora Dog Properties, LLC);
6.  208 Valley View Place, El Sobrante, California (Dora Dog Properties, LLC);
7.  214 Valley View Place, El Sobrante, California (Dora Dog Properties, LLC);
8.  30 Pebble Dunes Court, Las Vegas, Nevada (Dora Dog Properties, LLC);
9.  3143 Old Tunnel Road, Lafayette, California (Dora Dog Properties, LLC);
10. 40 Iris Lane, Walnut Creek, California (Dog Blue Properties, LLC);
11. 4800 Blum Road, Apt 3, Martinez, California (Dog Blue Properties, LLC);
12. 4810 Blum Road, Apt 5, Martinez, California (Dog Blue Properties, LLC);
13. 2375 Yale Street, Martinez, California (Dog Blue Properties, LLC);
14. 250 Arana Drive, Martinez, California (Dog Blue Properties, LLC);
15. 4101 Lake Tahoe Blvd, South Lake Tahoe, CA 96150, Unit 217 (Brandy Boy Properties, LLC);
16. 4101 Lake Tahoe Blvd, South Lake Tahoe, CA 96150, Unit 225 (Brandy Boy Properties, LLC);
17. 1619 Greenside Drive, Round Rock, Texas (Brandy Boy Properties, LLC);
18. 140 Mason Circle, Concord, California (140 Mason Circle LLC); and
19. 4901 Park Road, Benicia, California (Park Road LLC).

# Exhibit A-2
## Forfeiture I Trustee Property Allocation

1.  725 Main Street, Martinez, California (Dora Dog Properties, LLC);
2.  31 Morello Heights Drive, Martinez, California (Dora Dog Properties, LLC);
3.  1108 Juniper Avenue, South Lake Tahoe, California (Dog Blue Properties, LLC);
4.  811 Brown Street, Martinez, California (Dog Blue Properties, LLC);
5.  3779 Overlook Court, South Lake Tahoe, California (Brandy Boy Properties, LLC); and
6.  7373 E. Clubhouse Drive, #14, Scottsdale, Arizona (Brandy Boy Properties, LLC).

# Exhibit B-1
## Forfeiture II U.S. Property Allocation

1.  5383 Stonehurst Drive, Martinez, California (Jeff and Paulette Carpoff);
2.  14 Goree Court, Martinez, California (Jeff and Paulette Carpoff);
3.  180 Midhill Road, Martinez, California (Dora Dog Properties, LLC);
4.  186 Farm Lane, Martinez, California (Jeff and Paulette Carpoff);
5.  315 Summerhill Lane, Martinez, California (Jeff and Paulette Carpoff);
6.  1062 Mohr Lane, Unit C, Concord, California (Dog Blue Properties, LLC);
7.  4021 Pike Lane, Concord, California (4021 Pike Lane, LLC);
8.  4800 Blum Road, Unit 1, Martinez, California (Dog Blue Properties, LLC);
9.  4808 Blum Road, Unit 2, Martinez, California (Jeff and Paulette Carpoff);
10. 2750 Maxwell Way, Fairfield, California (2750 Maxwell Way, LLC);
11. 84 Carolina Cherry Drive, Las Vegas, Nevada (Jeff and Paulette Carpoff); and
12. 473-475-477 E. Channel Road, Benicia, California (475 Channel Road, LLC).

# Exhibit B-2
## Forfeiture II Trustee Property Allocation

1. 815 Sunset Drive, Antioch, California (Antioch Mini Storage, LLC); and
2. Lot 51-80 Park Road, Benicia, California (Fou Dog, LLC).

# Exhibit C
## Additional Property

1. Villa La Estancia Unit 1308, Cabo San Lucas, Mexico
2. Villa La Estancia Unit 2505, Cabo San Lucas, Mexico
3. Villa La Estancia Unit 1709, Cabo San Lucas, Mexico
4. Villa La Estancia Unit 1605, Cabo San Lucas, Mexico
5. Villa La Estancia Unit 2606, Cabo San Lucas, Mexico
6. Villa La Estancia Unit 2706, Cabo San Lucas, Mexico
7. Villa La Estancia Unit 2801, Cabo San Lucas, Mexico
8. Villa La Estancia Unit 2805, Cabo San Lucas, Mexico
9. Villa La Estancia Unit 3209, Cabo San Lucas, Mexico
10. Villa La Estancia Unit 3409, Cabo San Lucas, Mexico
11. 838 Marie Avenue, Martinez, California
12. 1035 Marie Avenue, Martinez, California
13. 4701 Park Road, Benicia, California